THE STATE EX REL. HOUGH, APPELLANT, *v.* SAFFOLD, JUDGE, APPELLEE.

[Cite as *State ex rel. Hough v. Saffold,* 131 Ohio St.3d 54, 2012-Ohio-28.]

*Mandamus—Procedendo—Court has no duty to issue final, appealable order on denial of motion for recusal—Court has no duty to issue findings of fact and conclusions of law in denying untimely successive petition for postconviction relief—Writs denied.*

(No. 2011-1430—Submitted January 3, 2012—Decided January 10, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96468, 2011-Ohio-3477.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the claims of appellant, Terrance Hough, for writs of mandamus and procedendo to compel appellee, Cuyahoga County Court of Common Pleas Judge Shirley Strickland Saffold, to issue final, appealable orders on her October 7, 2010 denial of Hough's motion for the judge to recuse herself and his motion to supplement his petition for postconviction relief.

{¶ 2} Hough is not entitled to a final, appealable order on the judge's denial of his motion to recuse herself, because a court of appeals lacks jurisdiction to review these decisions. See *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442, 8 O.O.3d 438, 377 N.E.2d 775 ("Since only the Chief Justice or [the chief's] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"); *Goddard v. Children's Hosp. Med. Ctr.* (2000), 141 Ohio App.3d 467, 473, 751 N.E.2d 1062; *State v. Ramos* (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336.

**{¶ 3}** Moreover, as Judge Saffold now contends, the chief justice has since granted Hough's affidavit to disqualify her, so his claim is now moot.

**{¶ 4}** Finally, contrary to Hough's assertions, Judge Saffold had no duty to issue findings of fact and conclusions of law in denying Hough's motion to supplement his previously denied, untimely, successive petition for postconviction relief. See *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5 (court has no duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief); see also *State v. Jones*, Mahoning App. No. 07 MA 81, 2008-Ohio-1536, 2008 WL 852245, ¶ 16-18 (amended petition for postconviction relief filed after court had ruled on petition held to be an improper successive petition).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Terrance Hough, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____