[Cite as *State v. Chapman*, 2012-Ohio-640.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 11CA009973 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN MARTIN CHAPMAN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 05CR068947 |

DECISION AND JOURNAL ENTRY

Dated: February 21, 2012

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** After he was twice tried and convicted on various charges, including murder and attempted murder, this Court vacated Justin Chapman's sentence of 30 years to life. On remand, Mr. Chapman successfully moved for recusal of the trial judge. His case was assigned to a different judge, who resentenced him to 33 years to life in prison. He has appealed. This Court affirms because, it is without authority to pass upon disqualification of judges, and in resentencing Mr. Chapman, the judge who received the case after recusal properly exercised his discretion in imposing more prison time than the first court had imposed.

## BACKGROUND

**{¶2}** In 2005, Justin Chapman, Darren English, and Julian Smith decided to rob William Fiske. Armed with handguns and wearing masks, the three men knocked on Mr. Fiske's door. When he opened it, the men rushed in, and Mr. English began struggling with Mr. Fiske.

One or both of the other men began shooting at Mr. Fiske while he struggled with Mr. English. Mr. Fiske was wounded five times in his back and arm. Mr. English was shot and died within an hour. Mr. Fiske recovered, but suffers from chronic pain and problems associated with his gunshot wounds.

{¶3} In 2007, Mr. Chapman was convicted of murder, attempted murder, felonious assault, aggravated burglary, possession of criminal tools, tampering with evidence, and having a weapon while under disability. He was sentenced to an aggregate term of 35 years to life in prison. This court reversed his convictions, and the State retried him in 2009. *State v. Chapman*, 9th Dist. No. 07CA009161, 2008-Ohio-1452. At his second trial, he was convicted of the same counts and sentenced to an aggregate of 30 years to life. This Court affirmed his convictions, but vacated his sentence because of some comments that the trial court had made that "created the appearance that it sentenced him to a longer prison term for exercising his right to a jury trial." *State v. Chapman*, 190 Ohio App. 3d 528, 2010-Ohio-5924 at ¶ 1 (9th Dist.).

{¶4} On remand, Mr. Chapman moved the trial judge to recuse himself. The record does not contain a transcript of the hearing on that motion, but one was held before the judge recused himself. The case was transferred to a different judge for resentencing. That judge sentenced Mr. Chapman to an aggregate term of 33 years to life in prison. Mr. Chapman has appealed his sentence.

RECUSAL

{¶5} Mr. Chapman's first and second assignments of error are that the trial judge incorrectly recused himself following our last remand and allowed the resentencing judge to circumvent this Court's remand order by increasing the sentence. Following this Court's partial reversal in December 2010, the trial court scheduled a resentencing hearing. On January 12,

2011, Mr. Chapman moved the trial judge to recuse himself, and the judge held a hearing on the motion. The judge granted the motion for recusal on January 14, 2011, and ordered the case transferred to the administrative judge for reassignment. Mr. Chapman's case was soon reassigned for proceedings consistent with this Court's opinion in *State v. Chapman*, 190 Ohio App. 3d 528, 2010-Ohio-5924, at ¶ 33 (9th Dist.). On February 25, 2011, the new judge held a resentencing hearing.

{¶6} Mr. Chapman has argued that the trial court incorrectly granted his motion for recusal. A court of appeals lacks jurisdiction to review a trial court judge's ruling on a motion for recusal. *State ex rel. Hough v. Saffold*, 131 Ohio St. 3d 54, 2012-Ohio-28, at ¶2; *see also* R.C. 2701.03. Even if this Court had jurisdiction to consider this issue, under the doctrine of invited error, Mr. Chapman cannot take advantage of a claimed error that he himself invited or induced the court to make. *State v. Rohrbaugh*, 126 Ohio St. 3d 421, 2010-Ohio-3286, at ¶ 10 (quoting *State ex rel. Kline v. Carroll*, 96 Ohio St. 3d 404, 2002-Ohio-4849, at ¶ 27). The first assignment of error is overruled.

{¶7} Mr. Chapman has also argued that the judge who heard the trial incorrectly "let[ ] another court circumvent this Court['s] order" by imposing a tougher sentence following remand. Mr. Chapman has not cited any authority for the proposition that, after recusal, a judge who recuses himself from a case has some responsibility for the actions of a judge to whom the file is transferred. Mr. Chapman's second assignment of error is overruled.

RESENTENCING

{¶8}    Mr. Chapman's third assignment of error is that the resentencing court abused its discretion and created an appearance of impropriety by resentencing him to a longer sentence following his successful appeal.   Under *State v. Foster*, 109 Ohio St. 3d 1, 2006–Ohio–856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Id.* at paragraph 7 of the syllabus.  In *State v. Kalish*, 120 Ohio St. 3d 23, 2008–Ohio–4912, a plurality of the Ohio Supreme Court determined that, in light of *Foster*, when appellate courts review criminal sentences, they must apply a "two-step approach."  *Id.* at ¶ 4.  The first step is whether the sentence was contrary to law.  *Id.*  The second step is whether the court exercised proper discretion in imposing the term of imprisonment.  *Id.* at ¶ 26.

{¶9}    The overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender . . . ."  R.C. 2929.11(A).  "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  *Id.*  Section 2929.11(B) requires that a sentence "be reasonably calculated to achieve the two overriding purposes of felony sentencing . . . commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."   A trial court imposing a felony sentence generally has "discretion to determine the most effective way to comply with the purposes and principles of sentencing . . . .  In exercising that discretion, the court shall consider the [statutory] factors . . .

relating to the seriousness of the conduct and . . . . likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Further, when a defendant is sentenced after a retrial, "[a] trial judge is not constitutionally precluded . . . from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *State v. King*, 9th Dist. No. 10CA009755, 2010-Ohio-4400, at ¶ 52 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

{¶10} At the resentencing hearing in February 2011, the trial court stated that it had considered the principles and purposes of sentencing under Section 2929.11 and had balanced the seriousness and recidivism factors under Section 2929.12. It also stated that it had considered a presentence report and a warden's report in addition to the arguments of Mr. Chapman's lawyer and John Pincura. Mr. Pincura was assigned to work as Mr. Chapman's guardian ad litem when he was indicted in 2005. Both men argued that Mr. Chapman was an immature 14-year-old just following his older cousin's lead into the home-invasion crime that resulted in the death of his friend and injuries to the homeowner.

{¶11} The prosecutor, on the other hand, argued that Mr. Chapman was involved in the planning for the crime, he was the first one to start shooting, and it was a bullet from his gun that killed Darren English. She also argued that in nearly six years since the crime, Mr. Chapman has never shown any remorse for his actions. She pointed out that, after his first trial, the court had sentenced him to 35 years to life. Based on the facts and circumstances of the crime, she argued that was more appropriate than the lesser term imposed immediately after his second trial. Mr. Chapman declined an opportunity to speak for himself at the hearing.

{¶12} In imposing sentence, the judge stated that his view of the case may differ from that of the judge who heard the trial, but he "reviewed" the record "extensively" before imposing sentence. He noted that the warden's report included information that Mr. Chapman had committed nearly 60 offenses or rule violations while in prison on these charges with at least 8 of those being serious offenses. He sentenced Mr. Chapman on each conviction for an aggregate 33 years to life in prison.

{¶13} Mr. Chapman has not argued that the sentence is contrary to law. He has not taken issue with the trial court's consideration of any of the statutory factors. He has argued that the trial court created an appearance of impropriety by increasing his sentence after the remand and recusal. He has also argued that, when we remanded this case in December 2010, we "intended the trial court to re-sentence [him] to a term of incarceration consistent with the sentencing range that the trial court discussed with Mr. Chapman before trial[,]" that is, 21 years to life. There is nothing in this Court's opinion of December 6, 2010, to support Mr. Chapman's argument in that regard. *State v. Chapman*, 190 Ohio App. 3d 528, 2010-Ohio-5924 (9th Dist.).

{¶14} Mr. Chapman has also argued that this Court ruled that the sentence imposed after his second trial "was excessive to the point of having a chilling effect on a person's constitutional right to proceed to trial[.]" That is incorrect. This Court made no comment on the length of the sentence imposed. *State v. Chapman*, 190 Ohio App. 3d 528, 2010-Ohio-5924 (9th Dist.). This Court held that the sentence should be vacated because certain statements the trial court made to Mr. Chapman "created the appearance that it was punishing [him] for exercising his constitutional right to a jury trial[.]" *Id.* at ¶ 32. He has not argued that the sentencing judge made any statements that may have caused a similar appearance of impropriety. His argument is based solely on the fact that the length of the term imposed by the second judge is greater than

that imposed by the first, but he has cited no authority for the proposition that this alone creates a presumption of impropriety. His third assignment of error is overruled.

CONCLUSION

**{¶15}** Mr. Chapman's assignments of error are overruled. The sentencing judge acted within his discretion in resentencing Mr. Chapman to more time than had the judge who heard his trial. Assuming the trial judge improperly decided to recuse himself from the resentencing proceedings, Mr. Chapman cannot take advantage of it since he requested the recusal. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CONCURS

CARR, J.
CONCURS, SAYING:

{¶16} Although I concur with the majority's opinion, I write separately to emphasize this Court's precedent that the presumption of a vindictive motive where a defendant receives a harsher sentence at a second sentencing hearing does not arise when the sentences are imposed by different judges. *State v. Aguirre*, 9th Dist. No. 99CA007434, 2000 WL 763343 (June 14, 2000) ("Where there are two different sentencing judges, no presumption of vindictive motive arises and the burden is on the defendant to affirmatively show actual malice."), citing *Lodi v. McMasters*, 31 Ohio App.3d 275, 277 (1986) ("[W]here different sentencers are involved, and the second sentencer has imposed a more severe punishment than the first, it does not follow that the second sentencer would have any reason to have acted vindictively against the defendant.").

{¶17} In both *Aguirre* and *McMasters*, this Court relied on the United States Supreme Court's decision in *Texas v. McCullough*, 475 U.S. 134 (1986). In *McCullough*, a defendant was convicted and sentenced by a jury to a 20-year prison term. After the trial court granted a retrial due to prosecutorial misconduct, the defendant was again convicted and subsequently sentenced to a 50-year prison term by the same judge who had presided over the first trial. In holding that the presumption of vindictiveness should not be applied to the trial judge, the Supreme Court noted that "[t]he presumption is [] inapplicable because different sentencers assessed the varying sentences that McCullough received." *Id*. at 140. Three years after *McCullough*, in *Alabama v. Smith*, 490 U.S. 794, 799 (1989), the Supreme Court held that circumstances which raise a presumption of vindictiveness in resentencing are those in which there is a reasonable likelihood

that an increase in sentence is a product of actual vindictiveness on the part of the sentencing authority. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.; see, also*, *Goodell v. Williams*, 643 F.3d 490, 500 (6th Cir.2011) (holding that an Ohio appellate court's conclusion that the presumption of vindictiveness did not apply where a defendant received a harsher sentence from a different trial judge was "entirely consonant with governing federal law."). In this case, the trial judge who imposed the second sentence "had no motivation to engage in self-vindication." *See McCullough*, 475 U.S. at 139.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.