[Cite as *Fullum v. Columbiana Cty. Coroner*, 2014-Ohio-5512.]
STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BRIAN K. FULLUM, | ) | |
| | ) | CASE NO. 12 CO 51 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| COLUMBIANA COUNTY CORONER, | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas Court
Case No. 11 CV 806

JUDGMENT:    Affirmed in Part, Reversed in Part
and Remanded.

APPEARANCES:
For Plaintiff-Appellant:    Attorney Brian D. Spitz
Attorney Fred M. Bean
The Spitz Law Firm, LLC
4620 Richmond Road
Suite 290
Warrensville Heights, OH 44128

For Defendants-Appellees:    Attorney James Climer
Attorney Frank Scialdone
Attorney Neil Sarka
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 15, 2014

DeGenaro, P.J.

**{¶1}** Plaintiff-Appellant Brian K. Fullum appeals the November 29, 2012 decision of the Columbiana Court of Common Pleas granting summary judgment in favor of Appellees Columbiana County Coroner and Dr. William Graham, in an employment law action. On appeal, Fullum argues that the trial court erred by determining Appellee Columbiana County Coroner actually means Dr. Graham in his official capacity instead of the Coroner's Office, a political subdivision, and that the trial court erred in determining that Columbiana County Coroner is immune from suit. Fullum does not challenge the trial court's ruling that Dr. Graham, as an individual employee is immune from suit. Fullum's supplemental assignment of error alleges the trial court erred by failing to recuse itself prior to granting summary judgment. Appellees raise a cross-assignment of error presenting alternative reasons why the trial court's judgment should be upheld.

**{¶2}** Upon review, Fullum's assignments of error regarding immunity are meritorious. Appellee Columbiana County Coroner is properly characterized as a political subdivision, and under either R.C. 2744.09(B) and/or (C) the Columbiana County Coroner is exempt from immunity with regard to Fullum's claims, because they all arise out of the employment relationship. However, we will not address Fullum's supplemental assignment of error; not only was the issue waived, this court lacks jurisdiction to review a recusal decision. Nor will we address the merits of Appellees cross-assignment of error because these issues, although raised in summary judgment proceedings, they were not addressed by the trial court.

**{¶3}** Accordingly, the trial court's decision granting summary judgment is affirmed in part, reversed in part and remanded for further proceedings, so that the trial court will have the first opportunity to decide the substantive merits of Fullum's claims.

### Facts and Procedural History

**{¶4}** From March 9, 2007 to May 4, 2012, Fullum held the position of Coroner's Investigator with Appellee Columbiana County Coroner. Based upon issues arising out of his employment, Fullum initiated the present suit against Appellees on November 16, 2011, in the Columbiana County Court of Common Pleas. In his Amended Complaint filed on May 17, 2012, Fullum identified the parties as follows: "Columbiana County

Coroner is a political subdivision of Columbiana County with its principal office located in the city of Lisbon, State of Ohio[;]" "Graham, Jr. is a resident of the city of East Liverpool, Columbiana County, State of Ohio, and is the Coroner of Columbiana County."

{¶5} Fullum asserted five causes of action against Appellees: wage and hour violations, retaliation, hostile work environment, constructive discharge and intentional infliction of emotional distress claims. Appellees filed a joint Answer and an Amended Answer to the Amended Complaint, notably admitting in both pleadings that "Columbiana County Coroner" is a political subdivision of Columbiana County with its principal office located in the city of Lisbon, State of Ohio. Appellees denied the allegations giving rise to Fullum's five causes of action and asserted multiple defenses, including immunity.

{¶6} Appellees filed a motion for summary judgment, raising substantive arguments to all of Fullum's causes of action, and, pertinent to this appeal, arguing that Dr. Graham was immune from all liability on all claims as a matter of law pursuant to Chapter 2744 of the Revised Code. The immunity argument centered on *Dr. Graham only.* Although Appellees did not specifically state they were alleging immunity for Dr. Graham in his individual capacity only, their argument focused on his immunity as an employee of a political subdivision, asserting that R.C. 2744.03(A)(6) provides immunity from liability to employees of political subdivisions and that "The Columbiana County Coroner's Office is a political subdivision to which immunity under R.C. Ch. 2744 applies." They asserted that Dr. Graham as the coroner is an *employee* of the Columbiana County Coroner and is therefore entitled to immunity under R.C. 2744.03(A)(6) unless his actions fell under one of the statutory exceptions. Importantly, Appellees never alleged that the political subdivision itself, i.e., Appellee Columbiana County Coroner, was entitled to immunity.

{¶7} Fullum opposed the motion, asserting that there were genuine issues of material fact regarding all of his substantive claims. Fullum did not address the immunity argument. Appellees filed a reply brief in support of their motion, arguing that Fullum failed to meet his burden to establish genuine issues of material fact as to all of his claims, and re-asserted that "all claims should be dismissed *as to Dr. Graham in his*

*individual capacity*," because Dr. Graham is entitled to immunity under R.C. 2744.03(A)(6). (Emphasis added.) Appellees further argued that Fullum did not allege that Dr. Graham acted maliciously in bad faith, or in a willful, wanton or reckless manner; nor did he contest Dr. Graham's individual immunity. Again, Appellees never alleged that the political subdivision itself, Appellee Columbiana County Coroner, was entitled to immunity.

{¶8} On November 29, 2012, the trial court issued an Opinion and Judgment Entry granting summary judgment in favor of Appellees with prejudice. That judgment concluded that the Columbiana County Coroner was not a political subdivision, but rather that Dr. Graham was a person sued in his official capacity and therefore entitled to immunity under R.C. 2744.01, *et seq.* The trial court further found that Dr. Graham in his individual capacity is immune from suit. As the trial court dismissed the case with prejudice based upon immunity, it did not address the substantive merits raised in Appellees' motion.

## Summary Judgment - Immunity

{¶9} Because Fullum's four assignments of error relate to the trial court's decision to grant summary judgment in favor of Appellees based upon immunity, for clarity of analysis they will be discussed together or out of order, and assert, respectively:

{¶10} "The Trial Court Committed Reversible Error In Granting The Motion For Summary Judgment Despite Appellees' Failure To Meet Its Burden As The Moving Party Under Civ.R. 56."

{¶11} "The Trial Court Committed Reversible Error In Determining That Columbiana County Coroner, Defined As Dr. Graham In His Official Capacity, Was Entitled To Immunity."

{¶12} "The Trial Court Committed Reversible Error By Granting The Motion For Summary Judgment Based Upon Its Own Independent And *Sua Sponte* Analysis Of An Issue Not Previously Raised By Any Party."

{¶13} "The Trial Court Committed Reversible Error in Finding that Columbiana County Coroner, As Pleaded by Fullum in his Amended Complaint, Was a Person Instead

Of An Office."

**{¶14}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. A motion for summary judgment is properly granted if the court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006–Ohio–3455, 850 N.E.2d 47, ¶10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶15}** The first, second and part of the fourth assignments of error challenge the trial court's decision that "Columbiana County Coroner" was not the Columbiana County Coroner's *Office*, a political subdivision, but rather Dr. Graham in his official capacity. The trial court's only rationale for making this determination is its conclusion that: "the Amended Complaint does not name the Coroner's *Office*, but only the *Coroner*, who is an elected official." (Emphasis sic.)

**{¶16}** Fullum argues that this is error for several reasons, the first being that the Amended Complaint clearly defines "Columbiana County Coroner" as the political subdivision and Appellees admit this fact in both their Answer and Amended Answer.

**{¶17}** The Ohio Supreme Court has held that "an admission in a pleading dispenses with proof of the fact admitted and is equivalent to the proof of the fact." *Gerrick v. Gorsuch*, 172 Ohio St. 417, 178 N.E.2d 40 (1961). "A judicial admission presented 'by pleading and setting forth the fact * * * is binding as between parties to the

suit, and in the same suit in which such admission is made.' " *Dombelek v. Ohio Bur. of Workers' Comp.*, 154 Ohio App.3d 338, 345, 2003-Ohio-5151, 797 N.E.2d 144, 149, ¶22 (7th Dist.), quoting *Peckham Iron Co. v. Harper*, 41 Ohio St. 100, 106, (1884). For example, in *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 550 (6th Cir.1986), the Sixth Circuit Court of Appeals held that the defendant created a binding judicial admission when it admitted in its answer that it was an "employer" within the meaning of the Fair Labor Standards Act.

**{¶18}** Here, the Amended Complaint identifies the parties as "Columbiana County Coroner is a political subdivision of Columbiana County with its principal office located in the city of Lisbon, State of Ohio[;]" "Graham, Jr. is a resident of the city of East Liverpool, Columbiana County, State of Ohio, and is the Coroner of Columbiana County." Appellees admitted these factual allegations. Accordingly, Appellees' admission that Columbiana County Coroner is a political subdivision is binding upon them, and it was erroneous for the trial court to conclude otherwise.

**{¶19}** Fullum additionally argues that because Appellees failed to argue in summary judgment proceedings that "Columbiana County Coroner" meant Dr. Graham in his official capacity or that either Dr. Graham as the elected official, or the Columbiana County Coroner's Office, the political subdivision, were entitled to immunity, Appellees failed to meet their burden as the moving party, and error for the trial court to determine sua sponte that "Columbiana County Coroner" meant Dr. Graham in his official capacity.

**{¶20}** Fullum is correct that the moving party bears the burden of establishing the appropriateness of summary judgment and that, where the moving party fails to carry its initial burden under Civ.R. 56 regarding the specific issues or claims subject to summary judgment, the trial court should deny the motion for summary judgment. *See Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164, (1997). Fullum is also correct that Appellees actually *agreed* with Fullum that Columbiana County Coroner was an office, not Dr. Graham in his official capacity. Indeed, at no time during the litigation, including in the motion for summary judgment, did Appellees ever raise the argument that Columbiana County Coroner was immune from liability under any theory of law, including R.C.

2744.01. Instead, during summary judgment proceedings, Appellees' sole immunity-based argument seemed to relate exclusively to Dr. Graham in his individual capacity, referring to the fact that Fullum sued Dr. Graham as an individual separate and apart from the other defendant in this action, Columbiana County Coroner and arguing that as an employee of the political subdivision Dr. Graham was individually immune.

**{¶21}** The trial court found that Fullum failed to contest immunity. However, in actuality Appellees failed to argue in their motion for summary judgment that the Columbiana County Coroner, as an office or political subdivision, was immune from suit. Accordingly, Appellees failed to meet their burden as the moving party; therefore Fullum had no obligation to contest immunity.

**{¶22}** Turning to Fullum's complaints about the sua sponte nature of the trial court's ruling that "Columbiana County Coroner" did not mean the office or political subdivision, he relies upon *Kent v. Huntington Natl. Bank,* 145 Ohio App.3d 745, 764 N.E.2d 480 (10th Dist.2001). In *Kent*, the Tenth District Court of Appeals held that a trial court committed reversible error when it sua sponte applied R.C. 5301.232(B) in granting a motion for summary judgment where the parties made no arguments based upon that statute. The Tenth District further held that based upon the evidence, the trial court erred in granting judgment to the appellee pursuant to that statute:

> Although Huntington arguably may have been notified of KeyBank's mortgage through its receipt of payments from KeyBank, there is no evidence in the record indicating that KeyBank complied with the written notice requirements of R.C. 5301.232(D). Because KeyBank did not comply with the mandatory requirements of R.C. 5301.232(D), the trial court erred when it determined that Huntington received proper notice. * * *
>
> Moreover, Huntington was prejudiced by the trial court's independent application of R.C. 5301.232, as it deprived both Huntington and KeyBank of an opportunity to submit evidence, as well as brief the issues, related to R.C. 5301.232. Accordingly, Huntington's first assignment of error is

sustained.

*Id.* at 749.

**{¶23}** Although *Kent* is not entirely on point to this case, based upon the pleadings herein, most notably the admissions in Appellees' answer and amended answer, and Appellees' failure to argue that Columbiana County Coroner was actually Dr. Graham in his official capacity and not the office or political subdivision, the trial court erred by sua sponte determining that Columbiana County Coroner means Dr. Graham in his official capacity. In sum, the first, second and fourth assignments of error are meritorious.

**{¶24}** In his third assignment of error and part of the fourth, Fullum argues that regardless of whether Columbiana County Coroner is characterized as a political subdivision or as Dr. Graham in his official capacity, there is no immunity.

**{¶25}** R.C. 2744.01(F) defines political subdivision as, "a municipal corporation, township, county, school district, or other bodied corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." In *Lambert v. Clancy,* 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, the Ohio Supreme Court elaborated upon the definition of a political subdivision:

> * * *[M]any of the governmental functions listed in R.C. 2744.01(C) are performed by political subdivisions through departments, agencies, and offices. When the departments, agencies, and offices perform their assigned governmental functions, each is an integral part and instrumentality of the political subdivision. * * * An office of a clerk of courts is such an office and an instrumentality of a county political subdivision. * * *
>
> By logical necessity, the immunity granted by statute to a political subdivision is also extended to the political subdivision's departments, agencies, and offices, which implement the duties of the political subdivision.

*Lambert* at ¶19-20.

**{¶26}** Pursuant to *Lambert,* the Columbiana County Coroner's Office is a political subdivision under Ohio law. Further, the Twelfth District specifically held that a county coroner is a political subdivision. *Winkle v. Zettler Funeral Homes, Inc.*, 182 Ohio App.3d 195, 203, 2009-Ohio-1724, 912 N.E.2d 151, ¶16-18 (12th Dist.2009). Therefore, we must determine whether the trial court correctly dismissed Fullum's claims with prejudice based upon statutory immunity.

**{¶27}** R.C. 2744.02(A) provides a general grant of immunity in that political subdivisions "are not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Courts must then determine whether one of five exceptions set forth in R.C. 2744.02(B) strips the political subdivision of this immunity; and if it does, immunity may be reinstated if a political subdivision can successfully assert one of the defenses listed in R.C. 2744.03. These latter provisions are not at issue because Fullum does not argue that any of the five R.C. 2744.02(B) exceptions apply.

**{¶28}** Rather, Fullum argues that the Columbiana County Coroner is not immune from his claims pursuant to the exceptions contained in R.C. 2744.09, which completely remove certain types of civil actions from the purview of R.C. Chapter 2744.

> This chapter [political subdivision tort liability] does not apply to, and shall not be construed to apply to, the following:
> * * *
>
> (B) Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision;
>
> (C) Civil actions by an employee of a political subdivision against the political subdivision relative to wages, hours, conditions, or other terms of

his employment[.]

R.C. 2744.09(B) and (C).

**{¶29}** Under either R.C. 2744.09(B) and/or (C) the Columbiana County Coroner is exempt from immunity because Fullum's claims arise out of the employment relationship: wage and hours violations, retaliation, hostile work environment, constructive discharge. And whether Fullum's intentional infliction of emotional distress claim—an intentional tort—arises out of the employment relationship might seem unclear upon first blush, a recent Ohio Supreme Court case has resolved this issue.

**{¶30}** In the past, many courts, including the Seventh District, held that employer intentional torts do not arise out of the employment relationship. *See, e.g., Fabian v. City of Steubenville*, 7th Dist. No. 00 JE 33, 2001 WL 1199061 at *3–4 (Sept. 28, 2001). *Fabian* and similar cases relied upon *Blankenship v. Cincinnati Milacron Chems. Inc.*, 69 Ohio St.2d 608, 613, 433 N.E.2d 572 (1982). However, in *Sampson v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, the Ohio Supreme Court concluded that "*Blankenship* has no relevance to political-subdivision immunity." *Id.* at ¶18.

> [W]hen an employee of a political subdivision brings a civil action against the political subdivision alleging an intentional tort, that civil action may qualify as a "matter that arises out of the employment relationship" within the meaning of R.C. 2744.09(B). Further, we hold that an employee's action against his or her political-subdivision employer arises out of the employment relationship between the employee and the political subdivision within the meaning of R.C. 2744.09(B) if there is a causal connection or a causal relationship between the claims raised by the employee and the employment relationship.

*Sampson* at ¶17.

**{¶31}** Thus, under either R.C. 2744.09(B) and/or (C) Fullum's claims against the

Columbiana County Coroner are not barred by immunity. Accordingly, the trial court erred in concluding that Columbiana County Coroner was immune from suit and in granting summary judgment in Appellees' favor on this issue.

{¶32} Even assuming arguendo that Columbiana County Coroner is more properly characterized as Dr. Graham in his official capacity as the trial court found, he is also not entitled to immunity. In *Lambert, supra,* 125 Ohio St.3d 231, the Supreme Court of Ohio examined the issue of immunity under R.C. 2744.01, et seq. as applied to an officeholder or official sued in his official capacity and concluded:

> [W]hen the allegations contained in a complaint are directed against an office of a political subdivision, the officeholder named as a defendant is sued in his or her official capacity, rather than in his or her individual or personal capacity. Moreover, the political-subdivision-immunity analysis set forth in R.C. 2744.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision, and that officeholder is sued in his or her official capacity.

(Citations and footnote omitted.) *Id.* at ¶22.

{¶33} Pursuant to the *Lambert* decision, when an officeholder or official—such as Dr. Graham—is sued in his official capacity, the lawsuit is not against Dr. Graham as an employee of the political subdivision; rather, the suit is against the political subdivision or office over which the officeholder presides. *See also State ex rel. Estate of Miles v. Piketon,* 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, quoting *Kelly v. New Haven,* 275 Conn. 580, 595, 881 A.2d 978 (2005). ("It is well settled law that an action against a government official in his or her official capacity is not an action against the official, but, instead, is one against the official's office and, thus, is treated as an action against the entity itself.")

{¶34} Importantly, *Lambert* rejected the R.C. 2744.03(A)(6) employee-immunity analysis to situations where the public official is sued in his official capacity:

We recognize that officeholders are employees of political subdivisions and that immunity for the actions of employees or officers sued in their individual capacities is addressed in another section of the Revised Code. See R.C. 2744.01(B) (the term "employee" "includes any elected or appointed official of a political subdivision"); R.C. 2744.03(A)(6) (detailing conditions when employees are personally immune from liability for actions taken). Here, however, the allegations contained in the complaint are ostensively [sic] directed against the office and against the named officeholder in the officeholder's official capacity. This is the equivalent of suing the political subdivision rather than the officeholder in an individual or personal capacity.

*Id.* at ¶21.

**{¶35}** Thus, even assuming arguendo that the trial court correctly characterized "Columbiana County Coroner" as Dr. Graham in his official capacity, for immunity purposes, he will be treated the same as the political subdivision, the Coroner's Office. As explained above, it is clear that the political subdivision is not entitled to immunity because the exceptions in R.C. 2744.09(B) and/or (C) apply. Accordingly, Fullum's third assignment of error is meritorious.

### Recusal

**{¶36}** In his Supplemental Assignment of Error, Fullum asserts:

**{¶37}** "The Trial Court Committed Reversible Error By Not Recusing Itself Prior To Ruling On The Motion For Summary Judgment."

**{¶38}** Fullum argues that because in two related cases before the Columbiana County Court of Common Pleas the same trial court judge as herein recused himself, a recusal should have happened in this case.

**{¶39}** First, the bulk of Fullum's argument relies upon evidence that is de hors the appellate record. A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the

new matter. *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). Second, Fullum never asked the trial court judge to recuse himself; therefore, he has waived this argument and issue. Appellate courts will not review an argument raised for the first time on appeal. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶34. Third, "a court of appeals lacks jurisdiction to review [recusal] decisions." *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶2. The Supreme Court of Ohio has explained that " 'only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters[.]' " *Id.*, quoting *Beer v. Griffith*, 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978). *See also State v. Donald*, 7th Dist. No. 09 MA 172, 2011-Ohio-3400, ¶13, quoting *State v. Drummond*, 7th Dist. No. 05 MA 197, 2006–Ohio–7078, ¶104: (" 'R.C. 2701.03 provides the proper procedure for seeking disqualification of a common pleas court judge. See, also, Section 5(C) of Article IV of the Ohio Constitution. An appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice.' ")

**{¶40}** Accordingly, Fullum's supplemental assignment of error is meritless.

### Cross-Assignment of Error

**{¶41}** Appellees present alternative reasons why the trial court's judgment should be upheld in the event we hold that the trial court erred on its immunity ruling, arguing summary judgment was nonetheless proper because there are no genuine issues of material fact in dispute with regard to any of Fullum's substantive claims, asserting as follows:

**{¶42}** "The Trial Court erred by failing to specifically determine that—as a matter of law—Plaintiff/Appellant's claims for overtime, retaliation, hostile work environment, constructive discharge and intentional infliction of emotional distress must be dismissed for lack of substantive merit. [J. Entry of 11/28/12.]"

**{¶43}** Although Fullum argues otherwise, no notice of cross appeal was required. Appellees seek to defend the trial court's dismissal on other grounds, using arguments as a shield not a sword. "A person who intends to defend a judgment or order appealed by

an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal or to raise a cross-assignment of error." App.R. 3(C)(2).

**{¶44}** Regardless, we will not review the merits of Appellees' arguments; although raised in summary judgment, these arguments were never ruled upon by the trial court. "[I]t is well-established that issues raised in summary judgment motions but not considered by the trial court will not be ruled upon by the appellate court." *Conny Farms, Ltd. v. Ball Resources, Inc.*, 7th Dist. No. 09 CO 36, 2011-Ohio-5472, ¶15, citing *Mills–Jennings, Inc. v. Dept. of Liquor Control* (1982), 70 Ohio St.2d 95, 99, 435 N.E.2d 407 (1982); *Ochsmann v. Great American Ins. Co.*, 10th Dist. No. 02AP-1265, 2003-Ohio-4679, ¶21. In *Conny Farms,* the trial court's ruling was based upon a legal issue: that a judicial ascertainment clause in the lease precluded the plaintiffs from bringing suit. *Id.* at ¶27-28. The trial court did not review the merits of the plaintiff's underlying claims that the leases had been breached or had expired, despite the fact that the merits were raised in summary judgment proceedings. *Id.* On appeal, this court held the judicial ascertainment clause was unenforceable and declined to review the substantive arguments raised by the plaintiff because the trial court had not resolved those issues. *Id.*

**{¶45}** Also instructive is this court's decision in *Tree of Life Church v. Agnew*, 7th Dist. No. 12 BE 42, 2014-Ohio-878:

>    While it is true that an appellate court reviews a trial court's summary judgment decision de novo, we will not consider issues raised in summary judgment proceedings that the trial court failed to rule on. *Conny Farms, Ltd. v. Ball Resources*, Inc., 7th Dist. No. 09 CO 36, 2011–Ohio–5472, ¶15.

>    Because the trial court failed to rule on whether appellant made a prima facie case of defamation, whether a qualified privilege was properly raised and applied, and whether appellant was able to show actual malice, we are unable to properly review its grant of summary judgment or rule on the merits of appellant's assignment of error.

*Tree of Life Church* at ¶27-28.

**{¶46}** Similarly, the merits of Fullum's wage and hour, retaliation, hostile work environment, constructive discharge and intentional infliction of emotional distress claims were raised in summary judgment proceedings, but not addressed by the trial court. The trial court's ruling was based solely upon the immunity issue. Because the trial court must have the first opportunity to review Fullum's underlying claims, we cannot consider the merits of Appellees' cross-assignment of error.

## Conclusion

**{¶47}** In sum, Fullum's assignments of error regarding immunity are meritorious, however we lack jurisdiction to consider his supplemental assignment of error. Moreover, we cannot reach the merits of Appellees cross-assignment of error.

**{¶48}** Because Fullum has not appealed the trial court's decision that Dr. Graham as an individual is immune from suit, that judgment is affirmed. However, the trial court erred in determining that "Columbiana County Coroner" means Dr. Graham in his official capacity and not Columbiana County Coroner, the office and political subdivision. Applying the Ohio Revised Code immunity provisions, the Columbiana County Coroner is not immune from suit. Accordingly, the trial court's decision granting summary judgment is affirmed in part, reversed in part and remanded for further proceedings, where the trial court will have the first opportunity to decide the substantive merits of Fullum's claims.

Donofrio, J., concurs.

Vukovich, J., concurs.