[Cite as *In re K.M.*, 2022-Ohio-4169.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF K.M. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | Case Nos.  22CA006 |
| | : |         22CA007 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Juvenile Division, Case No.
                             22N003

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            November 22, 2022

APPEARANCES:

For Appellant-Mother                For Appellee-Agency

JACQUELYN M. DOSSI                  ROBERT K. HENDRIX
343 South Crownhill Road            164 East Jackson Street
P.O. Box 149                        Millersburg, OH  44654
Orrville, OH  44667

*Wise, Earle, P.J.*

{¶ 1}   Appellant-Mother, A.H., appeals the May 2, and 23, 2022 judgment entries of the Court of Common Pleas of Holmes County, Ohio, Juvenile Division, dismissing the complaint filed by Appellee-Agency, Holmes County Department of Job and Family Services, and deeming several motions moot.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 10, 2022, appellee filed a complaint for temporary or permanent custody of K.M. born in December 2021, claiming the child to be dependent.  Mother of the child is appellant herein; presumed legal father is appellant's husband, L.C., and putative father is R.M.  Appellee had been granted emergency temporary custody of the child on January 7, 2022.  Pursuant to the complaint, the child was born during a home delivery.  Issues arose with the umbilical cord so the baby was transferred to the hospital by EMS.  Appellant purportedly did not want the child and gave the child to B.M. to adopt. B.M. worked at the hospital.

{¶ 3}   Approximately twenty days following the birth, B.M. contacted R.M. and informed him he was the father of the child.[1]  Upon receiving this information, R.M. filed a private custody action on the issues of parentage, custody, and visitation on or about December 22, 2021 (Case No. 21C131).

{¶ 4}   On January 10, 2022, B.M. filed a motion to intervene in the agency's case.

{¶ 5}   A hearing was held on January 10, 2022.  By judgment entry filed January 14, 2022, the trial court continued appellee's temporary custody, and added appellant's

---

[1]B.M. and R.M. are not related and have different last names.

husband, L.C., and R.M.'s parents as parties to the case. The trial court also closed R.M.'s private custody action "to avoid confusion of two cases involving the same issues."

{¶ 6} By notice to the court filed January 18, 2022, the trial court was informed the probability of R.M. being the child's father was 99.99%.

{¶ 7} On January 24, 2022, R.M. filed a motion to establish a father-child relationship and motion for name change. He also filed a motion for temporary custody or placement. In a memorandum filed January 27, 2022, appellee stated it had placed the child in R.M.'s home on January 25, 2022, and did not object to R.M.'s motion for custody.

{¶ 8} By judgment entry filed February 2, 2022, the trial court denied B.M.'s motion to intervene, finding no evidence of adoption proceedings plus her failure to comply with Civ.R. 24(C) and Civ.R. 5.

{¶ 9} On February 16, 2022, appellant filed a motion to dismiss the action and to seal and destroy all records relating to her and the child as she wished to remain anonymous pursuant to Ohio's Safe Haven laws. By judgment entry filed February 16, 2022, the trial court denied the motion, finding appellant failed to explain the actions she took pursuant to the Safe Haven laws.

{¶ 10} On March 1, 2022, appellant filed an amended motion to dismiss the action and to seal and destroy all records relating to her and the child, explaining the actions she took. A hearing on the motion was set for June 28, 2022.

{¶ 11} On March 8, 2022, appellant filed a motion to recuse the trial judge. Appellant asserted the trial judge has shown prejudice against her because the judge permitted R.M.'s parents to become parties in the case before parentage was established,

prevented her from cross-examining a witness during a hearing, and violated her rights under the Safe Haven laws.

{¶ 12} On March 16, 2022, the trial court filed a judgment entry noting the complication in holding the dispositional hearing before the applicable time deadline. The trial court stated it was open to suggestions from counsel to address this concern.

{¶ 13} On March 21, 2022, appellee filed a motion to dismiss without prejudice, seeking the establishment of a father-child relationship between R.M. and the child and granting custody of the child to R.M., which could be done in the private custody case filed by R.M. However, as noted above, the private custody case was closed in January 2022.

{¶ 14} By judgment entry filed March 21, 2022, the trial court denied appellant's motion for recusal.

{¶ 15} On May 2, 2022, the trial court filed a judgment entry noting several facts: 1) the child has yet to be adjudicated a dependent child; 2) the whereabouts of the presumed legal father, L.C., is unknown; 3) a father-child relationship between R.M. and the child has yet to be established; 4) appellant's violation of her rights under the Safe Haven laws and her motion to dismiss the action have yet to be heard; and 5) the child does not have a birth certificate. The trial court noted "the opportunity to resolve the issues within proceeding is trumped by the impending time deadline." The trial court then granted appellee's motion to dismiss the action without prejudice, and ordered that appellee's complaint would be dismissed on May 23, 2022, unless otherwise ordered by the court, and the pending motions would be deemed moot. The trial court extended the dispositional hearing deadline by forty-five days to May 24, 2022.

{¶ 16} By judgment entry filed May 23, 2022, the trial court dismissed appellee's complaint, as well as all the pending motions, as moot. The trial court declared the case closed.

{¶ 17} Appellant filed separate appeals on the trial court's May 2, and 23, 2022 judgment entries, and this matter is now before this court for consideration. The assignments of error are as follows:

I

{¶ 18} "THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FILED BY HCCS WITHOUT COMPLYING WITH THE REQUIREMENTS AND PROCEDURES SET FORTH IN R.C. 2151.3[5]16, ET AL., OHIO'S SAFE HAVEN LAWS."

II

{¶ 19} "THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FILED BY HCCS WITHOUT CONDUCTING A HEARING AS TO [A.H.]'S FEBRUARY 16, 2022 MOTION TO DISMISS, SEAL AND DESTROY AS WELL AS THE MARCH 1, 2022 AMENDED MOTION TO DISMISS, SEAL AND DESTROY."

III

{¶ 20} "THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FILED BY HCCS, EFFECTIVELY RETURNING THE CHILD TO THE CUSTODY OF [A.H.] WHO INDICATED HER DESIRE TO ABANDON AND RELINQUISH THE CHILD PURSUANT TO R.C. 2151.3[5]16, ET SEQ., CONTRARY TO THE BEST INTEREST OF THE CHILD AND OHIO PUBLIC POLICY."

IV

{¶ 21} "THE TRIAL COURT ERRED IN GRANTING THE AGENCY'S MARCH 21, 2022 [MOTION] TO DISMISS WITHOUT HEARING AND CONTRARY TO THE BEST INTERESTS OF THE CHILD."

V

{¶ 22} "THE TRIAL COURT ERRED IN FAILING TO DISPOSE OF THE PROCEEDINGS WITHIN STATUTORY DEADLINES FOR DISPOSITION WITHOUT JUST CAUSE."

VI

{¶ 23} "THE TRIAL COURT ERRED IN RETURNING THE CHILD TO THE LEGAL CUSTODY OF APPELLANT MOTHER CONTRARY TO THE CHILD'S BEST INTEREST AND PUBLIC POLICY."

VII

{¶ 24} "THE COURT ERRED IN FAILING TO CONDUCT A HEARING AND IN FAILING TO GRANT THE MOTION FOR RECUSAL OF THE TRIAL COURT JUDGE DUE TO BIAS AND CONFLICT OF INTEREST WITHOUT CONDUCTING A HEARING ON THE MOTION."

I, II, III

{¶ 25} In her appellate brief, appellant argues these three assignments or error collectively.

{¶ 26} In her first assignment of error, appellant claims the trial court erred in dismissing the complaint without complying with the requirements set forth in the Safe Haven laws, R.C. 2151.3516 et seq.

{¶ 27} In her second assignment of error, appellant claims the trial court erred in dismissing the complaint without conducting a hearing on her amended motion to dismiss the action and to seal and destroy all records relating to her and the child because of her actions to invoke the Safe Haven laws.

{¶ 28} In her third assignment of error, appellant claims the trial court erred in dismissing the complaint, effectively returning the child to her after she indicated her desire to invoke the Safe Haven laws, contrary to the best interest of the child.

{¶ 29} In her arguments, appellant cites the Safe Haven laws and the facts surrounding the child's birth. Appellant argues after birthing the child at home, she surrendered the child to EMS, and "informed the EMS personnel she did not desire to keep the child and did not wish to have further contact with the child." Appellant's Brief at 10. Appellant argues she invoked the Safe Haven laws at her first opportunity, via her February 16, 2022 motion to dismiss the action and to seal and destroy all records relating to her and the child and her March 1, 2022 amended motion to dismiss the action and to seal and destroy all records relating to her and the child. However, her first opportunity was when she appeared for the January 10, 2022 hearing following the ex parte order granting temporary custody to appellee. During the hearing, appellant indicated she wanted a court-appointed attorney for the case. T. at 15. The following exchange occurred between the trial court and appellant (T. at 17-19):

THE COURT: Yeah. Ms. [A.H.], the normal procedure here when a child is removed is that the parent is allowed supervised contact at the Agency. You would go to the Agency offices, visit your son, be in the

presence of Children Services workers.  That's available to you.  I guess, the question this morning is do you want to exercise that, or not?

MS. [A.H.]: Yeah, I - - the way I understand it is, I turned over temporary guardianship and my rights away to this child.  I surrogated this child with the consent of my husband, and I gave up my rights, which does not make me a party to this case.  Under the Fourteenth Amendment - -

THE COURT: Okay.  No, ma'am.  I asked you a simple question.  Let's not get into all those legal issues today.  That's not the - - you're going to have an attorney.  Talk with your attorney about those issues, okay.  Today is not the time for a Constitutional argument or other arguments.  Do you want to have contact with your child?

MS. [A.H.]: I was not aware that that was an option.  Like I said, I surrogated him.

THE COURT: Well, I'm asking you again, do you want to have contact with the child that was born to you?

MS. [A.H.]: Sure.

THE COURT: Okay.  What you will need to do then, is talk with Ms. Henry after the hearing and get that arranged.  We're usually looking at two hours every week, whether it's one-hour visits two - - two visits, or one two-hour visit.  That's up to you.  I will tell you that it's - - given your ambivalence about your relationship to this child, I get that, but you are his biological mother at this point.  There's no doubt about that.  So it's certainly in [K.M.]'s

best interest, until some final decision is made about his disposition or where he ends up, for you to have contact with him. Does that make sense?

MS. [A.H.]: I did have contact with him before Children Services got involved, Your Honor. I had seen him - -

THE COURT: Okay.

MS. [A.H.]: - - after giving birth.

THE COURT: Yeah. Again, I'm talking about going forward from today.

MS. [A.H.]: Yeah. I'm just saying that, like, I did have contact with him - -

THE COURT: Okay.

MS. [A.H.]: - - before I gave birth - - or before I, like - - after I gave birth, but before Children Services.

THE COURT: Okay.

MS. [A.H.]: So it's not that I refused to have contact with him.

{¶ 30} Appellant agreed to submit to a drug test after the hearing. T. at 31. At no time during the hearing did appellant invoke Safe Haven laws. Appellant appeared at the hearing, argued surrogacy, and agreed to wanting court-appointed counsel and visitation time. Her actions during the hearing belied a mother who wanted to remain anonymous and implement the Safe Haven laws. In the January 10, 2022 complaint at 2, reported concerns "include a suspicion of attempts to circumvent the legal system and that [A.H.], who has lost custody of and is not allowed to be around her other children, could assert

her rights over [K.M.] and take him from [B.M.]'s home, as there is no legal documentation of an adoption and the child remains without a birth certificate."

{¶ 31} In her reply brief, appellant asserts following the hearing, "[u]pon determination the child was delivered in accordance with R.C. 2151.3516, the Court should then have adjudicated the child a deserted child, entering its findings in the record of the case." Based on appellant's statements made during the hearing, the trial court did not have any reason to know the child was "delivered in accordance with R.C. 2151.3516" and did not have any reason to adjudicate the child a deserted child. The child was not deserted as appellant was actively participating in the case and expressed an interest in having visitation with the child.

{¶ 32} Also in her reply brief, appellant argues following her motions to dismiss invoking the Safe Haven laws, the trial court should have scheduled a hearing pursuant to R.C. 2151.3521. The trial court did schedule a hearing on the issue, unfortunately, the scheduled date was beyond the time deadline. In a judgment entry filed March 16, 2022, the trial court stated, "Court staff have diligently attempted to schedule that hearing for the earliest available date and time. However, the earliest such date and time that works for Counsel and the Court is June 28, 2022." The trial court then set the hearing on appellant's motion for said date, noting it was beyond the ninety-day time limit plus the forty-five-day extension provided for in R.C. 2151.35(B)(1). The trial court stated it was open to suggestions from counsel to address the time deadline complication, but no one responded with suggestions.

{¶ 33} Instead, on March 21, 2002, appellee filed a motion to dismiss the complaint without prejudice, seeking the establishment of a father-child relationship between R.M.

and the child and granting custody of the child to R.M. Appellant did not respond to the motion. In a judgment entry filed May 2, 2022, the trial court outlined several unresolved issues as cited above in ¶ 15, and noted "the opportunity to resolve the issues within proceeding is trumped by the impending time deadline." The trial court then granted appellee's motion to dismiss the action without prejudice, and ordered that appellee's complaint would be dismissed on May 23, 2022, unless otherwise ordered by the court, and the pending motions would be deemed moot. The pending motions were appellant's amended motion to dismiss the action and to seal and destroy all records relating to her and the child, R.M.'s motion to establish father-child relationship, motion for name change, and motion for temporary custody or placement, and a contempt motion filed by appellant. The trial court extended the dispositional hearing deadline to May 24, 2022. No one objected or submitted any additional filings to the trial court. By judgment entry filed May 23, 2022, the trial court dismissed appellee's complaint, as well as all the pending motions, as moot, and declared the case closed.

{¶ 34} In its appellate brief at 4, appellee argues the trial court "had no option but to dismiss the case below on the date that it so dismissed" because of the language in R.C. 2151.35(B)(1) which states the following in pertinent part:

> The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed except that, for good cause shown, the court, on its own motion or on the motion of any party or the child's guardian ad litem, may continue the dispositional hearing for a reasonable period of time beyond the ninety-day deadline. This

extension beyond the ninety-day deadline shall not exceed forty-five days and shall not be available for any case in which the complaint was dismissed and subsequently refiled.

If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶ 35} The dispositional hearing was not held within time, even with the forty-five-day extension. As held by the Supreme Court of Ohio in *In re K.M.,* 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 544, ¶ 31, "[w]e hold that R.C. 2151.35(B)(1) imposes a mandatory deadline requiring a juvenile court to dismiss a case without prejudice if the court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent."[2]

{¶ 36} Given the language of R.C. 2151.35(B)(1) and the holding of *K.M.,* we agree the trial court had no option but to dismiss the case without prejudice.

{¶ 37} Assignments of Error I, II, and III are denied.

IV, V, VI

{¶ 38} In her fourth assignment of error, appellant claims the trial court erred in dismissing the complaint without hearing and contrary to the child's best interest.

---

[2]The statute reviewed in the *K.M.* case did not provide for a forty-five-day extension. The statute was amended effective April 12, 2021, to include the forty-five-day extension.

{¶ 39} In her fifth assignment of error, appellant claims the trial court erred in failing to dispose of the proceedings within the statutory deadlines without cause.

{¶ 40} In her sixth assignment of error, appellant claims the trial court erred in returning the child to her legal custody.

{¶ 41} Pursuant to our finding the trial court had no option but to dismiss the case, we find these assignments of error to be moot.

VII

{¶ 42} In her seventh assignment of error, appellant claims the trial court erred in denying her motion for recusal without conducting a hearing.

{¶ 43} On March 8, 2022, appellant filed a motion to recuse the trial judge. Appellant asserted the trial judge has shown prejudice against her because the judge permitted R.M.'s parents to become parties in the case before parentage was established, prevented her from cross-examining a witness during a hearing, and violated her rights under the Safe Haven laws.

{¶ 44} R.C. 2701.03 governs disqualification of a judge for prejudice.  Subsection (A) states the following:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the

party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶ 45} There is no evidence in the record of appellant filing the requisite affidavit with the clerk of the supreme court. As held by the Supreme Court of Ohio in *State ex rel. Hough v. Saffold,* 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶ 2:

Hough is not entitled to a final, appealable order on the judge's denial of his motion to recuse herself, because a court of appeals lacks jurisdiction to review these decisions. See *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442, 8 O.O.3d 438, 377 N.E.2d 775 ("Since only the Chief Justice or [the chief's] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"); *Goddard v. Children's Hosp. Med. Ctr.* (2000), 141 Ohio App.3d 467, 473, 751 N.E.2d 1062; *State v. Ramos* (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336.

{¶ 46} Pursuant to the Supreme Court of Ohio, this court lacks jurisdiction to consider this issue.

{¶ 47} Assignment of Error VII is denied.

{¶ 48} The judgment of the Court of Common Pleas of Holmes County, Ohio, Juvenile Division, is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db