[Cite as *State v. Phillips*, 2012-Ohio-4823.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98047

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GERALD K. PHILLIPS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos.   CR-555033 and CR-555596

**BEFORE:**   Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 18, 2012

**ATTORNEY FOR APPELLANT**

David V. Patton
P.O. Box 39192
Solon, OH 44139-0192

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
          Holly Welsh
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Gerald K. Phillips ("Phillips"), appeals his convictions and sentence. For the reasons that follow, we affirm.

{¶2} In October 2011, Phillips was indicted in two separate cases. In Case No. CR-555033, he was charged with two third degree felonies — theft, in violation of R.C. 2913.02(A)(1), and intimidation of a crime victim or witness, in violation of R.C. 2921.04(B); and three first degree misdemeanors — theft, in violation of R.C. 2913.02, aggravated menacing, in violation of R.C. 2903.21(A), and telecommunications harassment, in violation of R.C. 2917.21(B).

{¶3} In Case No. CR-555596, Phillips was charged with one count of theft, in violation of R.C. 2913.02(A)(1), a fourth degree felony, which contained a furthermore clause indicating that the "victim of the offense is an elderly person or disabled adult and the value of the property or services stolen is $500 or more and less than $5,000."

{¶4} In January 2012, Phillips entered into a plea agreement whereby he agreed to plead guilty in Case No. CR-555033 to theft, in violation of R.C. 2913.02, a first degree misdemeanor, and to the fourth degree felony theft charge as indicted in Case No. CR-555596. All other counts under the indictment in Case No. CR-555033 were nolled. The trial court imposed a sentence of six months in Case No. CR-555033 to run concurrent with a sentence of 18 months in Case No. CR-555596.

{¶5} Phillips now appeals, contending in his sole assignment of error that the "trial court committed reversible error in finding that the theft of the ring was a fourth-degree felony because there was insufficient evidence of the ring's value to satisfy the fourth-degree [sic] requirement."

{¶6} In support of his argument, he relies on *State v. Webb*, 173 Ohio App.3d 547, 2007-Ohio-5670, 879 N.E.2d 254 (2d Dist.) and *State v. Reese*, 165 Ohio App.3d 21, 2005-Ohio-7075, 844 N.E.2d 873 (7th Dist.). However, we find these cases clearly distinguishable. In *Webb*, the issue before the trial court related to the trial court's award of restitution and whether the evidence presented was sufficient to support the amount of restitution ordered. In the case before this court, Phillips is not challenging the amount of restitution awarded; he is challenging the value of the property stolen and whether the value as stated by the prosecutor was sufficient to support the level of felony with which he was charged and to which he ultimately agreed to plead.

{¶7} In *Reese*, the matter proceeded to trial, where the State had to establish the value of the stolen property. The *Reese* court found that the State did not provide sufficient evidence to prove the stolen property had a value greater than $500 to warrant the felony conviction; thus the court reduced the conviction to a misdemeanor. *Reese* at ¶ 35-36. In this case, however, Phillips entered into a knowing, intelligent, and voluntary plea agreement to plead guilty to a fourth degree felony and made no objection to the ring's value at the time of the plea. Accordingly, the holdings in *Webb* and *Reese* do not lend support to Phillips's argument.

**{¶8}** A plea of guilty is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). A counseled guilty plea voluntarily and knowingly given removes the issue of factual guilt from the case. *State v. Siders*, 78 Ohio App.3d 699, 701, 605 N.E.2d 1283 (11th Dist.1992), citing *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *see also State v. Saunders*, 8th Dist. No. 96643, 2012-Ohio-104, ¶ 5. This court recently reiterated the effect of a guilty plea and subsequent actions taken on appeal in *State v. Lababidi*, 8th Dist. No. 96755, 2012-Ohio-267, ¶ 17:

> By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. Therefore, [a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea * * *. (Internal citations omitted.)

**{¶9}** In this case, Phillips has not raised any argument on appeal that his plea was not made knowingly, intelligently, or voluntarily. He agreed to plead guilty to two theft offenses — a first degree misdemeanor and a fourth degree felony. During the plea colloquy, the trial court thoroughly explained Phillips's Crim.R. 11 rights, the offenses he was pleading guilty to, and the penalties associated with each offense. The trial court clearly stated that "[a] felony of the fourth degree has a potential for [sic] term of incarceration in the State prison of 6 to 18 months in one-month increments * * * ." Moreover, after Phillips entered his plea of guilty to the fourth degree felony theft offense, the trial court asked:

> Is it also in fact true between September 26, 2011, and September 27, 2011, that you did, with the purpose to deprive the owner, Andrew J. Baran, of a gold ring, or services, knowingly obtain or exert control over either the property or services without the consent of the owner, or person authorized to give consent, and furthermore, the victim of the offense was an elderly person or disabled adult, and the value of the property or services stolen is $500 or more, and less than $5,000? Is that true?

Phillips responded, "Yes, your Honor."

{¶10} Accordingly, the record is clear that Phillips understood at all times during the plea hearing that he was pleading guilty to a fourth degree felony. The actual value of the ring has no bearing to the arguments raised in this appeal. The assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR