[Cite as *State v. Driscoll*, 2019-Ohio-1124.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107165**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LOUIS DRISCOLL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-18-624907-A

**BEFORE:** E.T. Gallagher, P.J., Blackmon, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** March 28, 2019

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Timothy R. Troup
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Louis Driscoll, appeals from his convictions following a guilty

plea.   He raises the following assignment of error for review:

1.   Defendant's Fourth Amendment rights were violated herein.[1]

{¶2} After careful review of the record and relevant case law, we affirm Driscoll's

convictions.

## I. Procedural and Factual History

{¶3} In January 2018, Driscoll was named in a 13-count indictment.   The indictment

stemmed from allegations that Driscoll produced a firearm and fired two shots at a victim

---

[1]   During oral arguments, counsel for Driscoll briefly raised arguments concerning the length of Driscoll's sentence.   Driscoll, however, failed to present any arguments pertaining to his sentence in his appellate briefing and failed to file a notice of his intent to present authorities supporting such arguments before oral argument. Because the state was not afforded the opportunity to present a response, we decline to address arguments concerning Driscoll's sentence.   App.R. 16(A)(7).

following a physical altercation. Driscoll subsequently was observed firing three shots into the air while standing in the middle of East 100th Street in Cleveland, Ohio. It was further alleged that Driscoll approached a victim while she stood on her front porch and held her against her will at gunpoint. After Driscoll was apprehended, the police discovered $752, a plastic baggie containing cocaine, and a plastic baggie containing bath salts on Driscoll's person.

{¶4} In March 2018, Driscoll entered into a plea agreement with the state and pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(1), with a three-year firearm specification; having weapons while under disability in violation of R.C. 2923.13(A)(2); abduction in violation of R.C. 2905.02(A)(2), with a one-year firearm specification and forfeiture specifications; discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3), with a three-year firearm specification; and drug possession in violation of R.C. 2925.11(A), with a one-year firearm specification and forfeiture specifications. The remaining counts of Driscoll's original indictment were nolled.

{¶5} Following an extensive Crim.R. 11 colloquy, the trial court accepted Driscoll's plea and found him guilty of the foregoing offenses. At sentencing, the trial court imposed an aggregate prison term of 23 years.

{¶6} Driscoll now appeals from his convictions.

## II. Law and Analysis

{¶7} In his sole assignment of error, Driscoll argues the evidence supporting his convictions were obtained in violation of the Fourth Amendment. Specifically, Driscoll contends that the police violated the constitutional protections afforded against unreasonable searches and seizures by searching his person without his consent or sufficient probable cause.

{¶8} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Orr*, 91 Ohio St.3d 389, 391, 745 N.E.2d 1036 (2001). The Fourth Amendment proscribes all unreasonable searches and seizures. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). It is a restraint on the government. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." (Footnote omitted.) *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

{¶9} In this case, however, Driscoll's convictions resulted from guilty pleas following a sufficient Crim.R. 11 colloquy and explanation of the constitutional and nonconstitutional rights Driscoll would be waiving by pleading guilty. "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 12, citing *State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 16. Thus, by entering into a guilty plea, a defendant waives any complaint as to claims of constitutional violations not related to the entry of the guilty plea. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105.

{¶10} On appeal, Driscoll's assigned error does not relate to the constitutionality of the plea itself, nor does it challenge the adequacy of the trial court's Crim.R. 11 colloquy. Accordingly, we find Driscoll has waived his right to assert his search and seizure arguments on appeal. Driscoll's sole assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MICHELLE J. SHEEHAN, J., CONCUR