**[Cite as *State v. Bland*, 2019-Ohio-5018.]**

STATE OF OHIO         )                 IN THE COURT OF APPEALS
                              )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                      C.A. Nos.     18CA011371
                                              18CA011372
     Appellee                         18CA011373
                                              18CA011374
     v.                               18CA011375

NICHOLAS BLAND

     Appellant                       APPEAL FROM JUDGMENT
                                                ENTERED IN THE
                                              COURT OF COMMON PLEAS
                                              COUNTY OF LORAIN, OHIO
                                              CASE Nos.    17CR095455
                                                            17CR095819
                                                            17CR095926
                                                             17CR096095
                                                             17CR096381

## DECISION AND JOURNAL ENTRY

Dated: December 9, 2019

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Nicholas Bland, appeals his convictions by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Bland entered guilty pleas to numerous charges in five separate cases. On the written plea agreements, a notation appears that there were "[n]o sentencing agreements with the State of Ohio." On the third page, however, in response to the question "Have any other promises or representations been made to you?" a handwritten notation read "YES. 9yrs." The trial court judge accepted Mr. Bland's plea, but later acknowledged that he had failed to strictly

comply with the constitutional requirements of Crim.R. 11(C)(2)(c) during the plea colloquy. The parties agreed, but disagreed about the appropriate remedy. In the meantime, the State moved the trial court judge to recuse himself from further proceedings, arguing that he had assumed an inappropriate role in the plea negotiations. The trial court judge granted the motion, and the matter was reassigned to another judge of the same court.

{¶3} The second trial court judge resumed proceedings at the point where the first had left off, and the parties appeared for argument regarding the appropriate remedy for the violation of Crim.R. 11(C)(2)(c). Mr. Bland also filed a motion for specific performance of the plea agreement. The second trial court judge denied Mr. Bland's motion for specific performance, concluded that the previous judge had failed to strictly comply with the requirements of Crim.R. 11(C)(2)(c), and vacated the plea sua sponte. Mr. Bland entered no contest pleas in each of the cases, and the trial court sentenced him to prison terms totaling fifteen years. Mr. Bland filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE VOLUNTARY JUDICIAL RECUSAL WAS AN ABUSE OF DISCRETION.

{¶4} In his first assignment of error, Mr. Bland argues that the first trial court judge erred by recusing himself. This Court, however, does not have jurisdiction to review a trial court judge's decision to grant a motion for recusal. *State v. Chapman*, 9th Dist. Lorain No. 11CA009973, 2012-Ohio-640, ¶ 6, citing *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, ¶ 2. Even if this Court could consider Mr. Bland's argument that the first trial court judge's decision affected the voluntariness of his later no contest plea, that argument relies on facts that are outside of the record on appeal, and we are unable to review this issue. *See*

*State v. Walter*, 9th Dist. Wayne Nos. 16AP0009, 16AP0010, 2017-Ohio-236, ¶ 19, citing *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4-5.

{¶5} Mr. Bland's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION IN SUA SPONTE VACATING MR. BLAND'S PLEA.

{¶6} Mr. Bland's third assignment of error is that the second trial court judge erred by vacating his guilty plea sua sponte once he determined that Mr. Bland's plea colloquy did not comply with the constitutional requirements of Crim.R. 11. This Court does not agree.

{¶7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Crim.R. 11(C). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. Crim.R. 11(C)(2) sets forth the colloquy that the trial court must engage in with the defendant:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the

defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Trial courts must strictly comply with the constitutional components of the colloquy, which are set forth in Crim.R. 11(C)(2)(c). *Veney* at ¶ 18-21. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id*. at syllabus.

{¶8} In this case, the second trial court judge noted—and the parties agreed—that the first trial court judge did not inform Mr. Bland that he could not be compelled to testify against himself, as required by Crim.R. 11(C)(2)(c). His guilty plea was, therefore, invalid. *See Veney* at syllabus. The first trial court judge erred by accepting the plea in the first instance:

> In felony cases the court * * * *shall not accept* a plea of guilty or no contest without * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the right[] to * * * require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.) Crim.R. 11(C)(2)(c). Under these circumstances—when it is apparent that the trial court failed to strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c), resulting in an invalid plea—this Court cannot conclude that it is error for a trial court to sua sponte vacate that plea. This Court takes no position on whether a trial court errs by doing so in other circumstances, such as those present in the cases to which Mr. Bland has directed our attention. *See*, *e.g.*, *State v. Britton*, 6th Dist. Lucas No. L-14-1280, 2015-Ohio-2945, ¶ 7; *State v. Saur*, 10th Dist. Franklin No. 10AP-1195, 2013-Ohio-1674, ¶ 25-26; *State v. Clark*, 2d Dist. Champaign No. 2011-CA-32, 2013-Ohio-300, ¶ 33-34; *State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, ¶ 19-24; *State v. Millhouse*, 8th Dist. Cuyahoga No. 79910, 2002-Ohio-2255, ¶ 24-27.

{¶9} The trial court did not err by vacating Mr. Bland's prior plea. His third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

MR. BLAND'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).

{¶10} In his second assignment of error, Mr. Bland appears to make two arguments: that his guilty plea was not made voluntarily and, nonetheless, that the second trial court judge erred by denying his motion for specific performance of that plea. In light of this Court's resolution of Mr. Bland's third assignment of error, both of these arguments are moot. *See* App.R. 12(A)(1)(c).

### III.

{¶11} Mr. Bland's first and third assignments of error are overruled. His second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.