[Cite as *State v. Howard*, 2025-Ohio-1462.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                           :

DEOANTE HOWARD,                         :

    Defendant-Appellant.         :

No. 114410

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 24, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688393-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew M. Boyko, Assistant Prosecuting Attorney, *for appellee.*

Elizabeth R. Miller, Ohio Public Defender, and Victoria Ferry, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Deoante Howard, appeals his convictions following a guilty plea, contending that he did not enter a knowing, voluntary, and intelligent plea because the trial court failed to comply with Crim.R. 11(C)(2)(c)

when it failed to advise him that by pleading guilty he would waive his constitutional privilege against self-incrimination. Finding merit to the appeal and upon concession by the State, we vacate his plea and remand to the trial court.

{¶ 2} Following mandatory bind over from juvenile court, the State charged Howard in a 27-count indictment with various offenses, the most serious being multiple aggravated robbery counts with attendant firearm specifications. In August 2024, Howard entered into a plea agreement — agreeing to plead guilty to four counts of aggravated robbery (Counts 1, 11, 18, and 23) and the attendant three-year firearm specifications in Counts 1 and 11. In exchange for his pleas, the State dismissed all other counts and specifications. Howard was sentenced to ten years in prison.

{¶ 3} Howard now appeals, raising as his sole assignment of error that he did not enter a knowing, intelligent, and voluntary plea because the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when it failed to advise him that by pleading guilty he would waive his constitutional privilege against self-incrimination. The State, pursuant to Loc.App.R. 16(B), has conceded this error.

{¶ 4} Crim.R. 11 outlines the procedures that trial courts must follow when accepting guilty pleas, including the requirement to personally inform the defendant of his rights and the consequences of his plea. *State v. Dangler*, 2020-Ohio-2765, ¶ 11. Because a guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *Id.* at ¶ 10,

citing *State v. Clark*, 2008-Ohio-3748, ¶ 25.  If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional.  *Id.*

{¶ 5}  When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty, reviewing courts presume that the plea was entered involuntarily and unknowingly.  *Clark* at ¶ 31; *State v. Veney*, 2008-Ohio-5200, syllabus.  Crim.R. 11(C)(2)(c) sets forth those constitutional rights:  the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the State to prove guilt beyond a reasonable doubt.  *Veney* at ¶ 19.  A trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice.  *Dangler* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

{¶ 6}  In this case, our review of the record confirms that the trial court completely failed to advise Howard prior to accepting his guilty plea that by pleading guilty he was waiving his constitutional right against self-incrimination. Accordingly, Howard's guilty plea is invalid, and thus we must vacate his plea and remand his case for further proceedings.

{¶ 7}  Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR