[Cite as *State v. Griffin*, 2026-Ohio-925.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :

                    No. 114895

    v.                           :

TYRON GRIFFIN,                         :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693342-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins and Andrew Boyko, Assistant Prosecuting Attorneys, *for appellee.*

Flowers & Grube and Louis E. Grube, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant Tyron Griffin ("Griffin") appeals his bindover to the general division of the common pleas court and his sentence for convictions of attempted murder and failure to comply. He raises two assignments of error:

1. The juvenile court erred by finding probable cause for the mandatory bindover offense of felony murder predicated on felonious assault.

2. The trial court committed plain error by imposing a mixed sentence of prison and community control.

{¶ 2} After a thorough review of the applicable law and facts, we find that Griffin pled guilty to attempted felony murder, which is not a cognizable offense in Ohio. Consequently, we vacate Griffin's convictions and remand to the trial court for further proceedings.

## I. Procedural History

{¶ 3} Griffin was charged in a juvenile complaint with the following delinquent acts that would be felonies if committed by an adult: murder, an unclassified felony, in violation of R.C. 2903.02(B); aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(2)(a); two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(1) and (A)(2); three counts of failure to comply with an order or signal of a police officer, two of which were felonies of the third degree and one of which was a fourth-degree felony, all in violation of R.C. 2921.331(B); vehicular assault, a felony of the fourth degree, in violation of R.C. 2903.08(A)(2)(b); receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); and improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B). The charges also had accompanying firearm and forfeiture specifications.

{¶ 4} A bindover hearing was held where the State presented two witnesses and various exhibits. At the conclusion of the hearing, the juvenile court stated that probable cause existed to support all of the charges. The court found that it was required to transfer the case to the general division under R.C. 2152.10, because (1) Griffin was over 16 years of age at the time of the offenses, (2) murder is a "category one offense" under R.C. 2152.12(A)(1)(a), and (3) there was probable cause to believe that Griffin had committed the acts charged, including murder.

{¶ 5} Griffin was subsequently indicted on the same ten charges that had been set forth in the juvenile complaint. Following the exchange of discovery, the parties entered into a plea agreement where Griffin would plead to an amended charge of attempted murder, along with firearm and forfeiture specifications, and one count of failure to comply. They further agreed to a sentencing range of 9 to 14 years in prison with no judicial or early release.

{¶ 6} Griffin pled guilty to the offered charges, and the trial court sentenced him to a ten-year prison term on the attempted-murder charge with an additional year for the firearm specification. It further imposed a three-year term of incarceration for the failure-to-comply charge. The sentences were to run consecutively for an aggregate sentence of 14 years to an indefinite sentence of 19 years under the Reagan Tokes Law.

{¶ 7} Griffin then filed the instant appeal, arguing that the juvenile court erred by finding probable cause for the offense of felony murder predicated on

felonious assault and by imposing a mixed sentence of both prison and community control.

## II. Law and Argument

**{¶ 8}** As an initial matter, although not assigned as error by Griffin, we must address the viability of his convictions. The trial court stated in both the journal entry reflecting Griffin's plea and in the sentencing entry that Griffin was convicted of attempted murder under R.C. 2903.02(B) and 2923.02. While the State and the court used the shorthand of "attempted murder" when discussing the amended charges, Griffin's plea under the above statutes was actually for attempted felony murder. However, as noted by Griffin in his brief, "attempted felony murder is not a cognizable crime in Ohio."[1] *State v. Nolan*, 2014-Ohio-4800, ¶ 10. In *Nolan*, the Ohio Supreme Court analyzed whether a person could be guilty of attempting to cause an unintended death. The Court determined that such a finding would be impossible:

> [A]n attempt crime must be committed purposely or knowingly and intent to kill need not be proven for the state to obtain a conviction for felony murder, so that a person can be convicted of that offense even though the death was unintended. . . . [I]t is impossible to purposely or knowingly cause an unintended death.

*Id.* Consequently, a conviction for attempted felony murder is void. *State v. Johnson,* 2018-Ohio-3799, ¶ 10 (8th Dist.), citing *State v. Bozek*, 2016-Ohio-1305, ¶ 21 (11th Dist.).

---

[1] The State did not respond to Griffin's assertions regarding the propriety of the attempted felony-murder conviction.

{¶ 9} Although the trial court had subject-matter jurisdiction over the case, because attempted felony murder is not a cognizable crime in Ohio, the trial court lacked authority to sentence Griffin and to enter an order of conviction for attempted felony murder under R.C. 2903.02(B) and 2923.02. Therefore, Griffin's conviction of that offense must be vacated. Moreover, because Griffin's conviction for failure to comply was part of a plea agreement, his remaining conviction also cannot stand.

> "When a plea is vacated . . . the vacation and reversal is complete as to all portions of the bargain. Both the defendant and the State are in the same position as if no agreement had been made and as if no action had been taken by the trial court on the agreement. Where more than one separate offense is involved in the agreement, all so involved may be reinstated upon vacation of the agreement. Re-indictment by the grand jury is not necessary because upon vacation all are still pending."

*Bozek* at ¶ 26, quoting *State v. Peck*, 1978 Ohio App. LEXIS 11167, *3 (2d Dist. Aug. 2, 1978).

{¶ 10} Thus, despite Griffin's acknowledgement that his conviction was for a "non-crime" and his implicit request that we overlook this issue and analyze his arguments related to the bindover proceedings instead, Griffin's guilty plea is void in its entirety and vacated as to all parts. *See State v. Brooks*, 2016-Ohio-489, ¶ 27 (8th Dist.) (sua sponte vacating conviction for attempted felony murder on the authority of *Nolan,* 2014-Ohio-4800 (8th Dist.)); *see also Patterson v. Bracy*, 2019-Ohio-747, ¶ 26 (11th Dist.) (noting that because "attempted felony murder is not a recognized crime in Ohio . . . a serious miscarriage of justice would occur if petitioner is required to serve a prison term for a crime that does not exist").

{¶ 11} Because Griffin's judgment of conviction was void, there was no judgment to appeal from, and we cannot consider his arguments relating to the bindover proceedings. The Ohio Supreme Court has held that a defendant may not immediately appeal a juvenile court's order transferring jurisdiction of his or her case to adult court but must wait to appeal any error stemming from the order until it becomes *a final judgment, following conviction and sentencing*, in the general division. *See In re D.H.*, 2018-Ohio-17, ¶ 1 and 22; *In re Becker*, 39 Ohio St.2d 84, (1974), syllabus.

{¶ 12} There is no longer a final judgment in this matter; Griffin's convictions and resulting sentence are hereby vacated. On remand, the parties shall be in the same position as if no plea agreement had been entered and the trial court had not taken any action on the plea. All counts of the indictment shall be reinstated.

{¶ 13} Both of Griffin's assignments of error are rendered moot. Judgment vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
TIMOTHY W. CLARY, J., CONCUR