[Cite as *State v. Griffin*, 2026-Ohio-925.]

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 114895 |
| v. | : | |
| TYRON GRIFFIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693342-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Flowers & Grube and Louis E. Grube, *for appellant.*

ON RECONSIDERATION[1]

---

[1] The original decision in this appeal, *State v. Griffin*, 2026-Ohio-925 (8th Dist.), released on March 19, 2026, is hereby vacated. This opinion, issued upon

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Griffin appeals his bindover to common pleas court and his sentence for convictions of attempted murder and failure to comply with the order of a police officer. He raises two assignments of error:

> 1. The juvenile court erred by finding probable cause for the mandatory bindover offense of felony murder predicated on felonious assault.
>
> 2. The trial court committed plain error by imposing a mixed sentence of prison and community control.

{¶ 2} After a thorough review of the applicable law and facts, we find that, by pleading guilty, Griffin waived any argument relating to the juvenile court's probable-cause finding. In addition, Griffin has not demonstrated plain error, and, in fact, invited any error relating to the imposition of both prison and community-control sentences. We overrule both of Griffin's assignments of error and affirm the judgment of the trial court.

## I. Procedural History

{¶ 3} Griffin was charged in a juvenile complaint with the following delinquent acts that would be felonies if committed by an adult: murder, an unclassified felony, in violation of R.C. 2903.02(B); aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(2)(a); two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(1) and (A)(2); three counts of failure to comply with an order or signal of a police

---

reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

officer, two of which were felonies of the third degree and one of which was a fourth-degree felony, all in violation of R.C. 2921.331(B); vehicular assault, a felony of the fourth degree, in violation of R.C. 2903.08(A)(2)(b); receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); and improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B). The charges also had accompanying firearm and forfeiture specifications.

{¶ 4} A bindover hearing was held where the State presented two witnesses and various exhibits. At the conclusion of the hearing, the juvenile court stated that probable cause existed to support all of the charges. The court found that it was required to transfer the case to the general division under R.C. 2152.10, because (1) Griffin was over 16 years of age at the time of the offenses; (2) murder is a "category one offense" under R.C. 2152.12(A)(1)(a); and (3) there was probable cause to believe that Griffin had committed the acts charged, including murder.

{¶ 5} Griffin was subsequently indicted on the same ten charges that had been set forth in the juvenile complaint. Following the exchange of discovery, the parties entered into a plea agreement where Griffin would plead to an amended charge of attempted murder, along with firearm and forfeiture specifications, and one count of failure to comply. The parties further agreed to a sentencing range of 9 to 14 years in prison with no judicial or early release.

{¶ 6} Griffin pled guilty to the offered charges, and the trial court sentenced him to a ten-year prison term on the attempted-murder charge with an additional

year for the firearm specification. It further imposed a three-year term of incarceration for the failure-to-comply charge. The sentences were to run consecutively for an aggregate sentence of 14 years to an indefinite sentence of 19 years under the Reagan Tokes Law.

{¶ 7} Griffin then filed the instant appeal.

## II. Law and Argument

{¶ 8} In his first assignment of error, Griffin argues that the juvenile court erred in finding probable cause following the bindover hearing. Griffin acknowledges that he pled guilty to the amended indictment and that generally a guilty plea waives any nonjurisdictional challenge to prior proceedings, including the probable-cause determination in a mandatory bindover.

{¶ 9} "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "By entering a guilty plea, a defendant is not simply stating that he or she committed the discrete acts described in the indictment; he or she is admitting guilt of a substantive crime." *State v. Albright*, 2019-Ohio-1998, ¶ 36 (8th Dist.), citing *State v. Phillips*, 2012-Ohio-4823, ¶ 8 (8th Dist.); *see also State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist. 1991), citing *United States v. Broce*, 488 U.S. 563 (1989).

{¶ 10} "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" *State v. Darling*, 2017-Ohio-7603, ¶ 14 (8th Dist.), quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, when a defendant enters a guilty plea, he or she waives all appealable errors that might have

occurred unless the errors precluded him or her from entering a knowing, voluntary, and intelligent plea. *State v. Robinson*, 2020-Ohio-98, ¶ 6 (8th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991), and *Barnett*.

{¶ 11} Griffin entered a guilty plea, and the effect of that plea would normally be a complete admission to committing the acts that constituted the offenses to which he pleaded guilty. Griffin argues that this general rule should not apply as a waiver to his probable-cause argument because the trial court failed to inform him that a guilty plea was a complete admission of guilt. Griffin asserts that his plea was therefore not knowingly, intelligently, and voluntarily made.

{¶ 12} Griffin has not challenged the validity of his plea in a separately captioned assignment of error; his only two assigned errors relate to the probable-cause finding and the sentence imposed. In a footnote in his brief, Griffin explains:

> Griffin challenges the validity of his plea, but he expressly does not lodge a separate assignment of error asking this Court to vacate it given the risks inherent in facing a murder offense at trial. Under the party presentation principle, the manner and scope of Griffin's challenge to his bindover should control. *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4. Strictly to the extent that Griffin seeks to escape any waiver of a challenge to the Juvenile Division's erroneous probable cause finding, he challenges the plea as invalid and less than knowingly made. The plea should only be vacated if this First Assignment of Error is sustained, and only to the extent necessary to remand the matter back to the Juvenile Division for further proceedings.

(Griffin brief, p. 15, fn. 1.)

{¶ 13} Preliminarily, Griffin does not provide any authority that would permit us to vacate a plea only to a certain "extent." "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and

voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Bland*, 2019-Ohio-5018, ¶ 7 (9th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). *See also State v. Howard*, 2025-Ohio-1462, ¶ 4 (8th Dist.) ("If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional."), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10. Thus, if we were to consider Griffin's argument and determine that his plea was invalid, we would be required to entirely vacate the resulting conviction and sentence.[2]

{¶ 14} However, we need not reach the above issue. While we are certainly mindful of the party-presentation principle, parties cannot utilize this principle to sidestep the appellate rules and ask the court to rule on an argument rather than an assignment of error. *See State v. Fisher*, 2024-Ohio-4484, ¶ 161, fn. 1 (8th Dist.) ("Appellate courts rule on assignments of error, not mere arguments."), citing *State v. Gripper,* 2013-Ohio-2740, ¶ 24, fn. 2 (10th Dist.).

{¶ 15} App.R. 16 requires that the appellant's brief include a "statement of the assignments of error presented for review" and "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented[.]"

---

[2] Upon vacation of the conviction and sentence, we could not analyze the probable-cause finding since there would no longer be a final judgment. The Ohio Supreme Court has held that a defendant may not immediately appeal a juvenile court's order transferring jurisdiction of his or her case to adult court but must wait to appeal any error stemming from the order until it becomes a final judgment, following conviction and sentencing, in the general division. S*ee In re D.H.*, 2018-Ohio-17, ¶ 1 and 22; *In re Becker*, 39 Ohio St.2d 84 (1974), syllabus.

*Id.* at (A)(3) and (7). Furthermore, the court of appeals shall "[d]etermine the appeal on its merits *on the assignments of error set forth in the briefs* under App.R. 16" and the "court may disregard an assignment of error presented for review if the party raising it fails to . . . argue the assignment separately in the brief, as required under App.R. 16(A)." (Emphasis added.) App.R. 12(A)(1)(b) and (2). Pursuant to App.R. 12(A) and 16(A), we decline to consider the validity of Griffin's plea. *See, e.g., State v. Clipps*, 2019-Ohio-3569, ¶ 85 (8th Dist.), citing *Cleveland v. Hall*, 2015-Ohio-2698, ¶ 14 (8th Dist.), citing App.R. 16(A)(7).

{¶ 16} Because Griffin did not challenge the validity of his plea in a separate assignment of error and his assigned errors do not relate to his plea, we find that he has waived any right to assert nonjurisdictional issues arising from prior stages of the proceedings, including the probable-cause finding. *See State v. Hicks*, 2025-Ohio-3068, ¶ 11 (8th Dist.) (finding arguments regarding appellant's trial counsel were waived when appellant had pleaded guilty and the assigned error did not relate to the constitutionality of the plea or the adequacy of the colloquy under Crim.R. 11); *State v. Driscoll*, 2019-Ohio-1124, ¶ 10 (8th Dist.) (finding that appellant waived his right to raise search and seizure arguments when he had pleaded guilty and his assigned error did not relate to the constitutionality of the plea itself or the adequacy of the Crim.R. 11 colloquy); s*ee also, e.g., State v. Fitzpatrick*, 2004-Ohio-3167 (overruling assigned error regarding validity of plea and determining that plea precluded appellant from asserting errors that did not attack the trial court's

jurisdiction, the constitutionality of the statutes violated, or the voluntary, knowing, and intelligent nature of his plea).

{¶ 17} We decline to address the merits of any argument other than the one identified in Griffin's first assignment of error alleging that the juvenile court erred in finding probable cause to support his bindover to the general division. Because he has waived this argument by pleading guilty, Griffin's first assignment of error is overruled.

{¶ 18} In his second assignment of error, Griffin argues that the general division court committed plain error by imposing a mixed sentence of prison and community control. He contends that by ordering him to have no contact with the decedent's family, the court imposed a community-control sanction along with the prison sentences.

{¶ 19} The State agrees that the trial court could impose a prison term or a community-control sanction but not both. However, the State asserts that a remand is unnecessary and that this court could simply modify the sentence to remove the no-contact order.

{¶ 20} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 22-23. Under the statute, an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law."

{¶ 21} Griffin did not object to his sentences in the trial court and thus, we may only review for plain error. Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, an offender must demonstrate both an obvious error and prejudice caused by that error. *State v. Rogers*, 2015-Ohio-2459, ¶ 22. "The Ohio Supreme Court has held that the 'power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then.'" *State v. Crenshaw*, 2020-Ohio-4922, ¶ 59 (8th Dist.), quoting *State v. Long*, 53 Ohio St.2d 91 (1978). Plain error is recognized "to avoid a miscarriage of justice." *Long* at 95.

{¶ 22} In *State v. Anderson*, 2015-Ohio-2089, the Ohio Supreme Court held that (1) a trial court may only impose a sentence provided for by statute, (2) "Ohio courts have recognized that a no-contact order is a community-control sanction," and (3) the felony-sentencing statutes "reflect that the General Assembly intended prison terms and community-control sanctions to be alternative sanctions" for a felony offense. *Id.* at ¶ 12, 17, and 28. Thus, *Anderson* held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose *either* a prison term *or* a community-control sanction or sanctions." (Emphasis added.) *Id.* at ¶ 31. In other words, "[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id.* at ¶ 1.

{¶ 23} This court analyzed similar facts in *State v. Smith*, 2023-Ohio-3879 (8th Dist.), where Smith argued that the trial court committed plain error by imposing hybrid sentences that included a no-contact order. In *Smith*, the defendant agreed to the no-contact order along with the prison sentence as a part of a plea agreement. The *Smith* Court held that the trial court's imposition of hybrid sentences did not constitute reversible error because the no-contact order was a bargained term. *Id.* at ¶ 27. Additionally, Smith had invited any error by negotiating a plea bargain with the understanding that a no-contact order would be imposed. *Id.* at ¶ 28. Consequently, the hybrid sentences were upheld.

{¶ 24} Here, after setting forth the amendments to the indictment under the plea offer, the State noted, "Conditions of the plea would be no contact with the victim's family and an agreed sentencing range of nine to 14 years, with no judicial or early release." (Tr. 20.) In response, Griffin's trial counsel confirmed, "That is my understanding of the plea agreement that we have reached with the State." (Tr. 21.) He further acknowledged that he had discussed the plea offer with Griffin multiple times and that Griffin would be knowingly, intelligently, and voluntarily pleading guilty to the amended indictment.

{¶ 25} Thus, Griffin has not demonstrated, or even argued, that he suffered any prejudice from the imposition of the no-contact order to establish plain error. We cannot find that this is the exceptional case that requires reversal in order to prevent a manifest miscarriage of justice. Moreover, Griffin invited any error by negotiating the plea agreement and receiving a substantial benefit in exchange for

the improper hybrid sentences. *See State v. Reeder*, 2025-Ohio-110, ¶ 18 (8th Dist.); *State v. Clark*, 2022-Ohio-2801, ¶ 13 (2d Dist.); *State v. Marcum*, 2013-Ohio-2189, ¶ 11 (4th Dist.).

{¶ 26} Griffin's second assignment of error is overruled. The judgment of the trial court is affirmed.

The court finds there were reasonable grounds for this appeal.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
TIMOTHY W. CLARY, J., CONCUR